**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4807**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

JOHN SYLVESTER MORRISON,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00327-NCT-1)

Submitted:  July 12, 2011              Decided:  August 9, 2011

Before KING and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Sylvester Morrison was convicted by a jury of one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1) (2006), and one count of possession of ammunition by an unlawful user of a controlled substance, in violation of § 18 U.S.C. § 922(g)(3) (2006). The district court sentenced Morrison to 180 months in prison for count one and 120 months in prison for count two, to run concurrently. Morrison timely appealed. Before filing its response brief, the Government filed a motion for a partial remand and a motion to suspend the briefing order. We granted the motion for a partial remand while retaining jurisdiction over the appeal. On remand, pursuant to the Government's motion, the district court dismissed count two and sentenced Morrison to 180 months' imprisonment on count one. The Government then filed its brief in this court. We affirm.

Morrison first contends that the district court erred in convicting and sentencing him on two counts of violating 18 U.S.C. § 922(g) instead of dismissing one count as multiplicitous. Because the district court remedied all multiplicity problems on remand, this claim is moot.

Morrison also claims that the "in or affecting commerce" element of his 18 U.S.C. § 922(g)(1) felon in possession charge is unconstitutional because, as applied to

2

Morrison, it exceeds Congress's authority under the Commerce Clause. Because Morrison failed to preserve the issue for appeal, this claim is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993) (reviewing unpreserved issues for plain error). Morrison admits that the precedent of this Circuit forecloses his current argument. See United States v. Wells, 98 F.3d 808, 810 (4th Cir. 1996) (rejecting the argument that § 922(g)'s constitutionality was affected by the Court's decision in United States v. Lopez, 514 U.S. 549 (1995)); United States v. Gallimore, 247 F.3d 134, 137-38 (4th Cir. 2010) (rejecting the same claim Morrison currently makes with respect to United States v. Morrison, 529 U.S. 598 (2000), and Jones v. United States, 529 U.S. 848 (2000)). Moreover, Morrison correctly recognizes that a three-judge panel of this court cannot overrule another three-judge panel. United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005) ("A decision of a panel of this court becomes the law of the circuit and is binding on other panels unless it is overruled by a subsequent en banc opinion of this court or a superseding contrary decision of the Supreme Court." (internal quotation marks omitted)).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid in the decisional process.

AFFIRMED